Exhibit 12

Daniel Kotchen (admitted *pro hac vice*)
Michael von Klemperer (admitted *pro hac vice*)
**KOTCHEN AND LOW LLP**
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
Telephone: (202) 468-4014
Fax: 202-280-1128
Email:  dkotchen@kotchen.com
        mvonklemperer@kotchen.com


Attorneys for IMAGENETIX, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IMAGENETIX, INC., | Case No.  SACV15-599 JLS (RNBx) |
| Plaintiff, | **IMAGENETIX, INC.'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS, DIRECTED TO ROBINSON PHARMA, INC.** |
| v. | |
| ROBINSON PHARMA, INC., et al. | |
| Defendants. | |

**IMAGENETIX, INC.'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO ROBINSON PHARMA, INC.**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Imagenetix, Inc. ("Imagenetix") requests that Robinson Pharma, Inc. ("Robinson Pharma"), respond to each of the following requests for production of documents, and produce all responsive documents for inspection and copying within 30 days following the date of service of these requests.

**DEFINITIONS**

As used herein, the following terms are defined as follows:

1.       The term "Robinson Pharma," "you," or "your" refers to Robinson Pharma, Inc. along with the organization's predecessor(s) and successor entities, their officers, directors, shareholders, parent and subsidiary companies (whether direct or indirect), affiliates, employees,

agents, attorneys, representatives, and any other persons acting or authorized to act on behalf of them.

      2.     "Accused Products" are defined as the following products: Arthro-7 and Arthro-8.

      3.     "All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

      4.     "Any" shall be construed to mean "any and all."

      5.     "Communications" include but are not limited to emails, voicemails, text messages, instant messages, written correspondence, sales training materials, meeting records, newsletters, brochures, and publications.

      6.     "Document" is defined to be synonymous in meaning and equal in scope of the usage of this term in Federal Rule of Civil Procedure 34(a) (documents include "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form."). A draft or non-identical copy is a separate document within the meaning of this term.

      7.     "Electronically stored information" or "ESI" includes all metadata and information that is stored in an electronic medium and is retrievable in a perceivable form including, without limitation, the following:

      a.     information that is generated, received, processed, and recorded by computers and other electronic devices;

      b.     internal or external web sites;

      c.     output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, email, instant messages, text messages, or bulletin board programs, operating systems, source code,

PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

   d.  activity listings of email receipts and/or transmittals; and

   e.  any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or in any other vehicle for digital data storage or transmittal, such as, but not limited to, a smartphone, *e.g.*, iPhone, Blackberry, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

  8.  "Employee" means, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger, or agent.

  9.  "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

  10.  The phrase "to identify" when referring to a person means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

  11.  "Or" and "and" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," you should produce all information about A and all information about B, as well as all information about A and B collectively.

  12.  "Person" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, association, government entity, group or other form of legal entity.

13.    "Relating to," "referring to," "regarding," or "with respect to" mean, without limitation, the following concepts:  discussing, describing, reflecting, concerning, dealing with, pertaining to, analyzing, evaluating, estimating, containing, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

## **INSTRUCTIONS**

1. All discovery requests and responses will be served by email and the date the discovery is emailed will be the date of service, as if the discovery had been delivered in paper format.

2. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these document requests are continuing in nature so that if you subsequently discover or obtain possession, custody, or control of any document covered by these requests, you shall promptly make any such document available to plaintiff.

3. In producing documents, you are to furnish all documents or things in your possession, custody or control, regardless of whether such documents are possessed directly by you or your employees, agents, parent companies, subsidiaries, affiliates, investigators or by your attorneys or their employees, agents or investigators.

4. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, all documents shall be produced in the same order as they are kept or maintained by you in the ordinary course of your business.  All documents, other than electronically stored information, shall be produced in the file folder, envelope or other container in which the documents are kept or maintained.  If for any reason the container cannot be produced, you should produce copies of all labels or other identifying marks which may be present on the container.

5. Documents shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose

possession they were found (*i.e.*, the document custodian) and the business address of each document custodian.

6. If a document once existed and subsequently has been lost, destroyed or is otherwise missing, you should provide sufficient information to identify the document and state, in writing, the details, including whether the document:

    a.      is lost or missing;

    b.      has been destroyed and, if so, by whom at whose request;

    c.      has been transferred or delivered, voluntarily or involuntarily, to another person or entity and at whose request; or

    d.      has been otherwise disposed of.

7. In each instance in which a document once existed and subsequently is lost, missing, destroyed, or otherwise disposed of, explain the circumstances surrounding the disposition of the document, including, but not limited to:

    a.      the identity of the person or entity who last possessed the document;

    b.      the date or approximate date of the document's disposition; and

    c.      the identity of all persons who have or had knowledge of the document's contents.

8. If any document responsive to any of these requests is privileged, and the document or any portion of the document requested is withheld based on a claim of privilege pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, provide a statement of the claim of privilege and all facts relied upon in support of that claim, including the following information:

    a.      the reason for withholding the document;

    b.      the date of such communication;

    c.      the medium of such communication;

Imagenetix's Second Request for Production of Documents to Robinson Pharma

Case No. SACV15-599 JLS (RNBx)

d.      the general subject matter of such communication (such description shall not be considered a waiver of your claimed privilege);

e.      the identity of any document that was the subject of such communication and the present location of any such document;

f.      the identity of the persons involved in such communication;

g.      the identity of any document which records, refers, or relates to such communication and present location of any such document; and

h.      the number or numbers of these requests for production of documents to which such information is responsive.

9. Documents attached to one another should not be separated.  Each document requested should be produced in its entirety and without deletion, redaction or excisions, except as qualified by Instruction 8 above, regardless of whether you consider the entire document or only part of it to be relevant or responsive to these document requests.  If you have redacted any portion of a document, stamp the word "REDACTED" beside the redacted information on each page of the document which you have redacted.  Any redactions to documents produced should be identified in accordance with Instruction 8 above.

10. All documents produced should be numbered sequentially, with a unique number on each page, and with a prefix identifying the party producing the document.

11. Documents should be organized by the request number to which they respond.

## **DOCUMENT REQUESTS**

**Request No. 1:**

All documents relating to DRM Resources and/or Alpha Health Research.

Imagenetix's Second Request for Production of Documents to Robinson Pharma
Case No. SACV15-599 JLS (RNBx)

1
   Date:  May 21, 2015                    **KOTCHEN & LOW LLP**

2

3
                                   By:     /s/Daniel Kotchen

4
                                           Daniel Kotchen

5

6
                             Attorney for IMAGENETIX, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Imagenetix's Second Request for Production of Documents to Robinson Pharma
Case No. SACV15-599 JLS (RNBx)