# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMAGENETIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROBINSON PHARMA, INC., *et al.*, <br><br> Defendants. | Case No. SACV 15-0599 JLS (JCGx) <br><br> **ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE WITH ONE MODIFICATION** |

  Pursuant to 28 U.S.C. § 636, the Court has reviewed Plaintiff's Motion for Default Judgement for Discovery Violations ("Motion") (Doc. 69), the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 87), Plaintiff's Objections to the R&R ("Objections") (Doc. 88), Defendants' Response in favor of the Report and Recommendations (Doc. 89), as well as the remaining record, and has made a *de novo* determination.

  Plaintiff's Objections generally reiterate the arguments made in the Motion. There are three issues, however, that warrant brief discussion here.

First, Plaintiff claims that the recommended adverse inference instruction "simply informs the jury of only some of Defendants' discovery shortcomings" and "does not address . . . Defendants' failure to produce marketing materials or emails." (Objections at 3.) Notably, and as an initial matter, Plaintiff did not raise such shortcomings in its request for an adverse instruction. (*See* Mot. at 24 n.37 (seeking an adverse instruction with respect to induced infringement and sales of Accused Products only).)

Regardless, the proposed instruction sufficiently covers all of Defendants' discovery failures related to the Accused Products, including the non-production of marketing and promotional documents, as it states that "Defendants failed to produce complete and accurate data related to the Accused Products . . . ." (*See* R&R at 7); *cf. also Byrd v. Maricopa Cty. Sheriff's Dep't*, 629 F.3d 1135, 1147 n.10 (9th Cir. 2011) ("[T]he district court did not abuse its discretion when it declined to use the exact wording [plaintiff] requested for the adverse inference instruction."). To tread into the minutia of Defendants' discovery faults, especially when Plaintiff itself could have been more diligent during discovery, (*see* R&R at 6-7), may prove excessive and unduly prejudicial.

Second, Plaintiff claims that the proposed adverse inference instruction "fails to instruct the jury that it can or should draw an adverse inference from Defendants' misconduct." (Objections at 7-8.) It is well established that "[t]he Court has broad discretion to fashion, on a case-by-case basis, an appropriate adverse inference jury instruction for [discovery violations]." *Dong Ah Tire & Rubber Co. v. Glasforms, Inc.*, 2009 WL 1949124, at *10 (N.D. Cal. July 2, 2009), *modified*, 2009 WL 2485556 (N.D. Cal. Aug. 12, 2009); *see also DeCastro v. Kavadia,* 309 F.R.D. 167, 182 (S.D.N.Y. 2015) ("[T]he particular nature of the [adverse inference] instruction . . . lie[s] within the discretion of the court. Upon finding that evidence was wrongfully withheld or destroyed, a court '[may] . . . simply [tell] the jury those facts and nothing more . . . .'" (internal citations omitted)). After conducting its *de novo* review, the

Court believes that the recommended adverse inference instruction is largely appropriate. The Court, however, will add the following sentence at the end of the recommended instruction: "You may infer that Defendants did not produce this information to Plaintiff because they believed that this information would help Plaintiff and hurt Defendants."

Third, Plaintiff argues that the reasons given in the R&R for not granting attorneys' fees were insufficient. (Objections at 10-11.) Specifically, the Magistrate Judge noted that an award of expenses, including attorneys' fees, "would be disproportionate to the harm caused by Defendants' actions, in light of the adverse inference instruction already recommended." (*See* R&R at 7.) Despite Plaintiff's objections, and as alluded to above, proportionality must be considered in issuing sanctions. (*See* R&R at 5); *see also Google Inc. v. Am Blind & Wallpaper Factory, Inc.*, 2007 WL 1848665, at *6 (N.D. Cal. June 27, 2007) (finding that courts must avoid issuing discovery sanctions that are "out of all proportion to the actual harm wrought by the failure to meet [] discovery obligations"); *Guerrero v. McClure*, 2011 WL 4566130, at *3 (E.D. Cal. Sept. 29, 2011) (finding that "an award of . . . attorneys['] fees would be unjust" because such an imposition would not be proportional based on the conduct of the non-moving party). As such, in light of Defendants' conduct and the proposed adverse inference instruction, attorneys' fees will not be awarded.

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is generally approved and accepted, along with the additional adverse inference language provided for in this Order;

//
//
//

1  Plaintiff's Motion (Doc. 69) is granted only with respect to the issuance of the
2  adverse inference instruction;
3      2.    The Clerk serve copies of this Order on the parties.

DATED: February 13, 2017

                                      HON. JOSEPHINE L. STATON
                                      UNITED STATES DISTRICT JUDGE

4