FILED
CLERK, U.S. DISTRICT COURT

SEP 2 5 2017

CENTRAL DISTRICT OF CA...
BY

1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                         CENTRAL DISTRICT OF CALIFORNIA

10                               SOUTHERN DIVISION

11

12   IMAGENETIX, INC.,                    )   No.  SACV 15-00599-JLS-JCG
                                          )
13                      Plaintiff(s),     )   JURY INSTRUCTIONS GIVEN
                                          )
14          v.                            )
                                          )
15                                        )
                                          )
16   ROBINSON PHARMA, INC., et al.        )
                                          )
17                      Defendant(s).     )
     ─────────────────────────────────    )
18                                        )

19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMAGENETIX, INC., | Case No. SACV15-599 JLS (JCGx) |
| Plaintiff, | |
| v. | **FINAL JURY INSTRUCTIONS** |
| ROBINSON PHARMA, INC., et. al., | |
| Defendants. | |

# **TABLE OF CONTENTS**

DUTY OF JURY ......................................................................................3

WHAT A PATENT IS .............................................................................4

SUMMARY OF CONTENTIONS ...........................................................5

THE ROLE OF THE CLAIMS OF A PATENT ......................................6

CLAIM INTERPRETATION....................................................................7

INDUCED INFRINGEMENT ..................................................................8

WHAT IS EVIDENCE .............................................................................9

WHAT IS NOT EVIDENCE ..................................................................10

DIRECT AND CIRCUMSTANTIAL EVIDENCE ...............................11

RULING ON OBJECTIONS...................................................................12

CREDIBILITY OF WITNESSES ..........................................................13

NO TRANSCRIPT AVAILABLE TO JURY ........................................14

TAKING NOTES ...................................................................................15

BENCH CONFERENCES AND RECESSES ........................................16

BURDEN OF PROOF ............................................................................17

CONDUCT OF THE JURY ...................................................................18

OUTLINE OF TRIAL ............................................................................20

USE OF INTERROGATORIES .............................................................21

DUTY OF JURY ....................................................................................22

FOREIGN LANGUAGE TESTIMONY ................................................23

EXPERT OPINION ................................................................................24

LIABILITY OF CORPORATIONS .......................................................25

WILLFUL INFRINGEMENT ................................................................26

ADVERSE INFERENCE INSTRUCTION ...........................................27

DAMAGES .............................................................................................28

REASONABLE ROYALTY—DEFINITION AND CALCULATION .....29

DUTY TO DELIBERATE .....................................................................30

CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY .........31

COMMUNICATION WITH COURT.....................................................33

RETURN OF VERDICT ........................................................................34

## DUTY OF JURY

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

## WHAT A PATENT IS

This case involves a dispute relating to a United States patent. Before summarizing the positions of the parties and the issues involved in the dispute, let me take a moment to explain what a patent is.

Patents are granted by the United States Patent and Trademark Office (sometimes called "the PTO"). A valid United States patent gives the patent holder the right to prevent others from making, using, offering to sell, or selling the patented invention within the United States, or from importing it into the United States, without the patent holder's permission. A violation of the patent holder's rights is called infringement. The patent holder may try to enforce a patent against persons believed to be infringers by a lawsuit filed in federal court.

# SUMMARY OF CONTENTIONS

To help you follow the evidence, I will now give you a summary of the positions of the parties. The parties in this case are Plaintiff Imagenetix, Inc. and Defendants Robinson Pharma, Inc., Doctor's Clinical, Inc., Gero Vita, Nutrivita Laboratories, Inc., and VitaStrong, Inc. The case involves United States Patent No. 5,569,676, obtained by Harry Diehl, and transferred by Mr. Diehl to Imagenetix. For your convenience, the parties and I will often refer to Patent No. 5,569,676 by the last three numbers of the patent number, namely, as the "'676 patent." Imagenetix filed suit in this court seeking money damages from the Defendants for inducing its customers to use their products, Arthro 7 and Arthro 8, which both contain a therapeutically effective amount of the compound cetyl myristoleate, to treat osteoarthritis – conduct that Imagenetix argues is covered by claim 1 of the '676 patent.

Defendants deny that they have infringed claim 1 of the '676 patent and deny that Arthro-7 and Arthro-8 contain a therapeutically effective amount of cetyl myristoleate.

Your job will be to decide whether or not claim 1 of the '676 patent has been infringed. If you decide that claim 1 of the '676 patent has been infringed, you will then need to decide any money damages to be awarded to Imagenetix to compensate it for the infringement. You will also need to make a finding as to whether the infringement was willful. If you decide that any infringement was willful, that decision should not affect any damages award you give. I will take willfulness into account later.

# THE ROLE OF THE CLAIMS OF A PATENT

Before you can decide many of the issues in this case, you will need to understand the role of patent "claims." The patent claims are the numbered sentences at the end of each patent. The claims are important because it is the words of the claims that define what a patent covers. The figures and text in the rest of the patent provide a description and/or examples of the invention and provide a context for the claims, but it is the claims that define the breadth of the patent's coverage. Each claim is effectively treated as if it were a separate patent, and each claim may cover more or less than another claim. Therefore, what a patent covers depends, in turn, on what each of its claims covers. In this case, only Claim 1 is at issue.

Claim I of the '676 Patent is as follows: "A method for treating osteoarthritis in mammals which comprises administering a therapeutically effective amount of cetyl myristoleate to a mammal having osteoarthritis."

You will first need to understand what Claim 1 covers in order to decide whether or not there is infringement of the claim and to decide whether or not the claim is invalid. The law says that it is my role to define the terms of the claims and it is your role to apply my definitions to the issues that you are asked to decide in this case. Therefore, I have determined the meaning of certain terms of Claim 1. You must accept my definitions of these words. It is your job to take these definitions and apply them to the issues that you are deciding, including the issues of infringement. For a claim term for which I have not provided you with a definition, you should apply the ordinary meaning. You are to apply my definitions of these terms throughout this case. However, my interpretation of the language of the claims should not be taken as an indication that I have a view regarding issues such as infringement. Those issues are yours to decide.

## CLAIM INTERPRETATION

I will now explain to you the meaning of some of the words of the claim in this case. In doing so, I will explain some of the requirements of the claims. As I have previously instructed you, you must accept my definition of these words in the claim as correct. For any words in the claim for which I have not provided you with a definition, you should apply their common meaning. You should not take my definition of the language of the claim as an indication that I have a view regarding how you should decide the issues that you are being asked to decide, such as infringement. These issues are yours to decide.

Claim 1 of the '676 patent claims "A method for treating osteoarthritis in mammals which comprises administering a therapeutically effective amount of cetyl myristoleate to a mammal having osteoarthritis."

The terms of Claim 1 should be given the following meaning:

1. "osteoarthritis": a degenerative joint disease which primarily affects the cartilage that covers and cushions the ends of bones
2. "administering": to give remedially
3. "treating": to alleviate a symptom
4. "treating osteoarthritis": to alleviate a symptom of osteoarthritis
5. "therapeutically effective": a method that alleviates a symptom of a disease
6. "therapeutically effective amount": an amount of a substance sufficient to alleviate a symptom of a disease

## INDUCED INFRINGEMENT

Imagenetix alleges that the Defendants are liable for infringement by inducing their customers to infringe the '676 patent.

The Defendants are liable for inducement of Claim 1 of the '676 Patent only if Imagenetix proves by a preponderance of the evidence:

(1) that the Defendants' customers' acts directly infringe Claim 1 of the '676 Patent; in order to prove this, Imagenetix must prove by a preponderance of the evidence, i.e., that it is more likely than not, that Defendants' customers performed each and every one of the requirements of Claim 1 without the permission of Imagenetix during the time the '676 patent was in force;

(2) that the Defendants took action during the time the '676 patent was in force intending to cause the infringing acts by their customers; and

(3) that the Defendants were aware of the '676 patent and knew that the customers' acts, if taken, would constitute direct infringement of that patent; or that the Defendants believed there was a high probability that the acts by its customers would infringe the patent and the Defendants took deliberate steps to avoid learning of that infringement.

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I may instruct you to accept as proved.

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)   Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)   Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)   Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)   Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## NO TRANSCRIPT AVAILABLE TO JURY

I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.

## TAKING NOTES

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## BURDEN OF PROOF

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

## OUTLINE OF TRIAL

The trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an opportunity for the lawyers to explain what they expect the evidence will show.

After the opening statements, Imagenetix will present its evidence in support of its contention that claim 1 of the '676 patent has been infringed by the Defendants and that the infringement was willful. To prove infringement, Imagenetix must persuade you that it is more likely than not that the Defendants have has infringed that claim. To persuade you that any infringement was willful, Imagenetix must also prove that it is more likely than not that the infringement was willful.

After the evidence has been presented, the attorneys will make closing arguments and I will give you final instructions on the law that applies to the case. I will give you final instructions on the law that applies to the case and the attorneys will make closing arguments. These closing arguments by the attorneys are not evidence. After the closing arguments and instructions, you will then decide the case.

## USE OF INTERROGATORIES

Evidence will now be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

## DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

## FOREIGN LANGUAGE TESTIMONY

You heard testimony of a witness who testified in the Vietnamese language. Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know the Vietnamese language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning. You must not make any assumptions about a witness or a party based solely on the use of an interpreter to assist that witness or party.

## EXPERT OPINION

You have heard testimony from Dr. Stuart L. Silverman, Scott D. Bosworth, Dr. Bruce Freundlich, and Hank Kahrs, each of whom testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## LIABILITY OF CORPORATIONS

Under the law, a corporation is considered to be a person.  It can only act through its owners, officers, employees, agents, and directors. Therefore, a corporation is responsible for the acts of its owners, officers, employees, agents, and directors performed within the scope of authority.

## WILLFUL INFRINGEMENT

In this case, Imagenetix argues that the Defendants willfully infringed the '676 patent.

To prove willful infringement, Imagenetix must first persuade you that the Defendants infringed Claim 1 of Imagenetix's patent. The requirements for proving such infringement were discussed in my prior instructions.

In addition, to prove willful infringement, Imagenetix must persuade you that it is more probable than not that the Defendants acted with reckless disregard of Claim 1 of Imagenetix's patent.

To demonstrate such "reckless disregard," Imagenetix must persuade you that the Defendants actually knew, or it was so obvious that the Defendants should have known, that their actions constituted infringement of Imagenetix's patent.

In deciding whether the Defendants acted with reckless disregard for Imagenetix's patent, you should consider all of the facts surrounding the alleged infringement.

## ADVERSE INFERENCE INSTRUCTION

    In violation of a Court Order, Defendants failed to produce complete and accurate data related to the Accused Products, including the quantity of the Accused Products sold, the revenue and margin of the Accused Products sold, and the name and contact information for the entity or individual who purchased the Accused Products. You may infer that Defendants did not produce this information to Plaintiff because they believed that this information would help Plaintiff and hurt Defendants.

## DAMAGES

If you find that the Defendants infringed the '676 patent, you must then consider what amount of damages to award to Imagenetix. I will now instruct you about the measure of damages. By instructing you on damages, I am not suggesting which party should win this case, on any issue. If you find that the Defendants have not infringed any claim of the patent, then Imagenetix is not entitled to any damages.

The damages you award must be adequate to compensate Imagenetix for the infringement. They are not meant to punish an infringer. Your damages award, if you reach this issue, should put Imagenetix in approximately the same financial position that it would have been in had the infringement not occurred.

Imagenetix has the burden to establish the amount of its damages by a preponderance of the evidence. In other words, you should award only those damages that Imagenetix establishes that it more likely than not suffered. While Imagenetix is not required to prove the amount of its damages with mathematical precision, it must prove them with reasonable certainty. You may not award damages that are speculative, damages that are only possible, or damages that are based on guesswork.

As a measure of damages, Imagenetix seeks a reasonable royalty. I will give more detailed instructions regarding damages shortly. Note, however, that Imagenetix is entitled to recover no less than a reasonable royalty for each infringing sale of Arthro 7 and Arthro 8.

## REASONABLE ROYALTY—DEFINITION AND CALCULATION

A royalty is a payment made to a patent holder in exchange for the right to make, use or sell the claimed invention. This right is called a "license." A reasonable royalty is the payment for the license that would have resulted from a hypothetical negotiation between the patent holder and the infringer taking place at the time when the infringing activity first began. In considering the nature of this negotiation, you must assume that the patent holder and the infringer would have acted reasonably and would have entered into a license agreement. You must also assume that both parties believed the patent was valid and infringed. Your role is to determine what the result of that negotiation would have been. The test for damages is what royalty would have resulted from the hypothetical negotiation and not simply what either party would have preferred.

A royalty can be calculated in several different ways and it is for you to determine which way is the most appropriate based on the evidence you have heard. One way to calculate a royalty is to determine what is called an "ongoing royalty." To calculate an ongoing royalty, you must first determine the "base," that is, the product on which the infringer is to pay. You then need to multiply the revenue the defendant obtained from that base by the "rate" or percentage that you find would have resulted from the hypothetical negotiation. For example, if the patent covers a nail, and the nail sells for $1, and the licensee sold 200 nails, the base revenue would be $200. If the rate you find would have resulted from the hypothetical negotiation is 10%, then the royalty would be $20, or the rate of 0.10 times the base revenue of $200. By contrast, if you find the rate to be 5%, the royalty would be $10, or the rate of 0.05 times the base revenue of $200. These numbers are only examples, and are not intended to suggest the appropriate royalty rate.

Instead of a percentage royalty, you may decide that the appropriate royalty that would have resulted from a hypothetical negotiation is a fixed number of dollars per unit sold. If you do, the royalty would be that fixed number of dollars times the number of units sold.

## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

31

1        A juror who violates these restrictions jeopardizes the fairness of these
2    proceedings, and a mistrial could result that would require the entire trial process to
3    start over.  If any juror is exposed to any outside information, please notify the court
     immediately.
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

## RETURN OF VERDICT

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.