1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Imagentix, Inc.,

            Plaintiff,

    v.

Robinson Pharma, Inc., *et al.,*

            Defendants.

CASE NO.
SACV 15-00599 JLS (JCGx)

ORDER DENYING MOTION TO
RECUSE

          On October 16, 2017, defendants Robinson Pharma, Inc. *et al.*
("Defendants") filed a Motion to Disqualify the assigned District Judge, the
Honorable Josephine L. Staton.  (Docket No. 158.)   Pursuant to General Order
16-05 and Local Rule 72-5, the Motion was assigned to the undersigned for
decision.  (Referral of Motion to Disqualify Judge, Oct. 17, 2017; Docket No.
159).   The Motion is predicated on 28 U.S.C. § 455(a), the general recusal statute,
and seeks recusal in light of an asserted appearance of partiality.  (Motion, p. 1.)
For the reasons set forth below, the Court finds that the Motion is without merit,
and denies the Motion.

I.      Background.

Judge Staton is married to Owen Prell who is currently a partner at One LLP.  In October 2104, One LLP filed a breach of contract suit against Robinson Pharma over a fee dispute.  (Orange County Superior Court Case No. 30-2014-00749074.)  On October 20, 2015, the matter was settled for approximately half of what One LLP had sought.  (Nguyen Decl., ¶ 3.)

Robinson Pharma attempted to retain One LLP for this action on October 5, 2017.  (Id., ¶ 4.)  In the ensuing conversation, One LLP advised that it could not accept the matter because of a conflict: Own Prell, a partner, is married to Judge Staton.  (Id.)  This was the first Defendants learned of a potential conflict.

This case was initiated on October 27, 2014.  (Docket No. 1.)  Thus, this case and the state court fee litigation were pending at the same time.

Defendants criticize a number of Judge Staton's rulings in this action, including her Markman claim constructions, rulings with regard to the multiple presentation of witnesses, and her decision to give an adverse inference jury instruction which went beyond the sanction which the Magistrate Judge had recommended.  (Motion, pp. 5-6.)  Defendants believe that Judge Staton will be called on to make additional rulings which will require exercise of her discretion, including a pending motion for an award of enhanced damages against Defendants.  (See Docket No. 148.)

From the facts which defendants had learned, they inferred a conflict of interest.  Because the fee dispute was settled on terms less favorable than One

LLP sought, the income of the Staton household was adversely affected, raising the appearance that Judge Staton might be prejudiced against Defendants.

This Motion fails for two reasons.  First, Judge Staton's trial rulings are not a basis for recusal.  Second, her husband was not a partner at One LLP in 2015, and in fact did not join the firm until January 2016.[1]  The perceived predicate for an appearance of partiality does not exist.

I.     Disqualification under Section 455.

Section 455(a) provides a broad, fact-driven rule for disqualification: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  The fact that a judge has made rulings adverse to a party, standing alone, is not a basis for disqualification.  Liteky v. United States, 510 U.S. 540, 555 (1994); United States v. Hernandez-Escarsega, 886 F.2d 1560, 1581 (9th Cir. 1989).

A judge's adverse rulings, without more, will not support recusal.  Litkey, 510 U.S. at 555.  There is nothing more here.  There is no external evidence of personal bias or conflict.  For present purposes, "personal bias" means a bias derived from extra-judicial origins, as opposed to an opinion formed during the course of litigation.  Craven v. Unites States, 22 F.2d 605, 607 (1st Cir. 1927); accord United States v. Carignan, 600 F.2d 762, 763-64 (9th Cir. 1979).  It is an "attitude toward [the challenging party] that is significantly different from and

---

[1] https://www.linkedin.com/in/owen-prell-3a09206, last visited Oct. 17, 2017; see https://www.law360.com/articles/752983/one-llp-adds-ip-entertainment-law-partner, last visited Oct. 17, 2017.

more particularized than the normal general feeling of society at large." <u>Mims v. Shapp</u>, 541 F.2d 415, 417 (10th Cir. 1977).

Given that Owen Prell was not a partner at One LLP at the time of the settlement, there is no basis to infer that his income was affected, adversely or otherwise, by the settlement, and no reasonable person would conclude otherwise. The episode has no bearing on Judge Staton's rulings to take them out of the usual rule that averse rulings are not a basis for recusal. <u>Liteky</u>, 510 U.S. at 555; <u>Hernandez-Escarsega</u>, 886 F.2d at 1581.

II.    <u>Conclusion.</u>

Defendants' Motion to disqualify the District Judge is denied.  The Court vacates the December 1, 2017 hearing.

Dated: October 17, 2017        _____
                                      James V. Selna
                               United States District Judge