1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

11
12
13
14
15
16
17

| | | |
|---|---|---|
| Imagenetix, Inc., | ) | CASE NO. SACV 15-00599 JVS (JCGx) |
| Plaintiff, | ) | |
| | ) | ORDER DENYING APPROVAL OF SUBSTITUTION OF COUNSEL |
| v. | ) | |
| Robinson Pharma, Inc., *et al.,* | ) | |
| Defendants. | ) | |
| _____ | ) | |

18
19
20
21
22
23
24
25
26
27
28

On November 17, 2017, defendants Robinson Pharma, Inc. *et al.* ("Defendants") filed a series of Requests for Approval of Substitution of Counsel ("Requests") seeking to permit R. Joseph Trojan, Esq. to withdraw and to substitute Lester Savit, Esq. (Docket Nos. 163, 164, 165, 166, 167.) Attorney Savit is a member of the firm of ONE LLP. As discussed in an earlier ruling (Docket No. 161), the assigned judge, the Honorable Josephine L. Staton, is married to Owen Prell, Esq., currently a partner in ONE LLP. In light of the potential conflict of interest, Judge Staton recused herself from ruling on the Requests. (Docket No. 168.)

1    Consistent with General Order 16-05 and Local Rule 72-5, the

2    Requests were assigned to the undersigned for decision.  (Referral of Request for

3    Approval, Nov. 21, 2017, Docket No. 169).

4

5    Imagenetix, Inc. ("Imagenetix) has filed an opposition.  (Docket No.

6    170.)

7

8    For the reasons set forth below, the Court denies the Requests.

9

10   I.    Applicable Local Rule.

11

12   "A motion for leave to withdraw must be made upon written notice given

13   reasonably in advance to the client and to all other parties who have appeared in

14   the action."  L.R. 83-2.3.2.  "Unless good cause is shown and the ends of justice

15   require, no substitution or relief of attorney will be approved that will cause delay

16   in prosecution of the case to completion."  L.R. 83-2.3.5.

17

18   II.   Discussion.

19

20   The Court finds that substitution would result in undue delay in

21   prosecution of the case.  A motion for the award of enhanced damages and fees,

22   stemming from a finding of infringement by Defendants, is scheduled for hearing

23   on December 1, 2017.  (Docket No. 152.)  The motion is not an ordinary one, and

24   its resolution would turn on the entire course of the litigation over the past three

25   years.  See Octane Fitness, LLC v. ICON Health & Fitness, Inc., 134 S.Ct. 1749,

26

27

28

1  1756 (2014).[1]  It would require a new judge a substantial amount of time to master

2  anew and to absorb record to date.  Even so, a new judge would not have the

3  benefit of personal observation of the parties' conduct over the course of

4  litigation.

5

6          Imagenetix points out that its paper were drafted to take into account

7  that Judge Staton has an extensive and  detailed knowledge of the case, and thus

8  Imagenetix "did not rehash all of the details of Defendant's litigation

9  misconduct."  (Opposition, p. 1.)  If a new judge were assigned, Imagenetix might

10  quite reasonably seek additional time to provide a fuller showing to that judge.

11

12          Defendants have made no effort to show good cause in light of the

13  obvious undue delay which the assignment of a new judge would cause.  They

14  present no more than the standard G-01form.   Moreover, the history of

15  Defendants' efforts to recuse Judge Staton suggests both an absence of good cause

16  and an absence of good faith in presenting the Requests.  Defendants learned in

17  October 2017 that Judge Staton was married to Mr. Prell (Docket No. 158-3), and

18  on that basis sought to recuse Judge Staton on the theory that her household had a

19  financial interest in the outcome of a fee dispute between ONE LLP and Robison

20  Pharma.  (Docket No. 158.)  Defendants had failed to learn before filing that

21  motion that Mr. Prell was not a partner at the time of the fee dispute, thus negating

22  the premise of the motion to recuse.  The intentional effort to create a conflict of

23  interest does not amount to good cause.  Nor would the interest of justice be

24  _____

25  [1]"We hold, then, that an 'exceptional' case is simply one that stands out from others with respect
   to the substantive strength of a party's litigating position (considering both the governing law and
26  the facts of the case) or the unreasonable manner in which the case was litigated. District courts
   may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion,
27  considering the totality of the circumstances."  Octane Fitness, 134 S.Ct. At 1756 (emphasis
   supplied).
28

served by entertaining such a brazen effort to manipulate the assignment of this case.

III.   Conclusion

The Requests are denied.

Dated: November 22, 2017   _____

James V. Selna
United States District Judge